[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR STAY PENDING APPEALMOTION FOR CONTEMPT
The defendant, Waste Management of Connecticut, Inc. (Waste Management) filed this motion for stay pending appeal on November 17, 1995, pursuant to Practice Book § 4047[1] and Connecticut General Statutes § 52-477. The motion for stay was filed seeking a stay of the mandatory injunctive order of this court entered November 7, 1995, wherein the defendant was ordered to apply, within 10 days from the date of the order, to the Connecticut State Department of Environmental Protection and any other governmental agencies necessary to begin the clean closure of its solid waste facility in the Town of New Milford. The defendant was further ordered to remove solid waste in excess of the height restriction imposed by New Milford's zoning ordinance which ordinance was found to be valid by the Connecticut Supreme Court in the case of Bauer v.CT Page 14049Waste Management of Connecticut, Inc., 234 Conn. 221, 259,662 A.2d 1179 (1995).[2] Said removal was conditioned upon approval by the appropriate environmental protection agencies. Additionally, the court ordered the defendant to pay the Town of New Milford civil penalties imposed as a result of the defendant's violation of the zoning regulation at issue in the amount of $89,200. The defendant now seeks to have the order stayed pending its appeal to the Appellate Court, arguing that the application for stay is not made for delay and is made in good faith and further that the granting of the application will not result in great and irreparable injury to the plaintiff.[3] The parties argued the motion for stay before this court on December 6, 1995. The plaintiff, presented oral argument requesting that the motion be denied on the grounds that the application for stay is made only for purposes of delay and not in good faith. This court, having heard all the evidence at trial and the arguments of both parties, agrees with the plaintiff.
General Statutes § 52-477 provides: "When judgment has been rendered for a permanent injunction ordering either party to perform any act, the court, upon an application similar to that mentioned in section 52-476, shall stay the operation of such injunction until a final decision in the court having jurisdiction, unless the court is of the opinion that great and irreparable injury will be done by such stay or that such application was made only for delay and not in good faith."
Prior to hearing the arguments of the parties, this court made some preliminary statements regarding some of the issues presently before the court including, but not limited to (1) posting of bond for fines imposed; and (2) the plaintiff's motion for contempt. It is noted at the outset, that the defendant is ordered to post bond in the amount of the civil penalties ordered by this court on November 7, 1995. Secondly, the plaintiff's motion for contempt is denied at this time, without prejudice, because the court believes that the defendant acted within the scope of the appellate procedure in seeking the stay and did not willfully violate the court's order. However, having made these statements, it is also noted that the defendant's motion for stay is denied.
As stated by the court during argument on these motions, the court believes that the present motion for stay is filed for the purpose of delay and in bad faith. The Supreme Court of this state has found the zoning ordinance at issue to be valid and remanded the case to this court to fashion a remedy. The court notes, however, that it will entertain a renewed motion for stay should CT Page 14050 the DEP approve clean closure and excavation is scheduled to begin. "[T]he reason to stay a mandatory injunction, [is] to save a party from assuming undue burdens pending appeal." Tomasso Brothers,Inc. v. October Twenty-Four, Inc., 230 Conn. 641, 656, 646 A.2d 133
(1994). This court does not view the preliminary steps of preparing and filing of applications to the necessary governmental agencies as an undue burden on the defendant.[4]
During the court's preliminary comments to the parties at the December 6, 1995 hearing, the court asked defense counsel to estimate the amount of time it would take to go through the process of obtaining a permit from the DEP. Defense counsel estimated the time to be anywhere between nine months to one year or six months to one year. Counsel also stated that the time frame was only a guess as one permit the defendant applied for in the past took a total of four years to obtain. The plaintiff conceded that it would not object to the defendant filing a renewed motion for stay should the case proceed to the point where excavation of the landfill is actually scheduled to begin, but objects to a continued delay in the application for the necessary permits.
This court will not countenance further delay in this case by allowing the defendant to wait until the appellate process is over to begin to seek the necessary permits, especially in light of the fact that the Supreme Court has already decided the validity of the ordinance. If the past history of obtaining the necessary permits is any indication of how long it will take, and this court believes that it is, the permit process may well take longer than the appeal process.
The motion for stay pending appeal is denied. The defendant is ordered to apply to the DEP and other local, state or federal agencies for the necessary permits to remove the debris in excess of the zoning regulation immediately. With respect to the civil penalty imposed, the defendant is ordered to post bond in the amount of $89,200.
The plaintiff's motion for contempt is denied at this time for the reasons stated herein.
CHARLES D. GILL, J.